**5**

**David R. Jenkins, #95301**
**David R. Jenkins, P.C.**
**2444 Main Street, Suite 120**
**Post Office Box 1406**
**Fresno, California 93716**
**Telephone (559) 264-5695**
**Facsimile (559) 264-5693**
**email/eservice drjbklawyer@sbcglobal.net**

Attorneys for Trudi G. Manfredo
 Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of<br><br>PAMELA MARIE WISE,<br><br>　　　　　　Debtor. | Case No.  12-19194-A-7F<br>Chapter 7<br><br>DC No. DRJ-2<br><br>Date: June 4, 2013<br>Time: 9:00 a.m.<br>Department A, Judge Clement<br>2500 Tulare Street, Fifth Floor<br>Courtroom 11, Fresno, CA |

**MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF DISPUTED JUDGMENT LIEN**

Trudi G. Manfredo, Chapter 7 Trustee, ("Trustee") hereby moves for the entry of an order authorizing her to sell the real property located at and commonly known as 812 E. Houston Ave., Visalia, California (APN 091-214-012), ("the Property") to Felimon Carrasco ("Buyer") for the sum of $15,000.00, cash at close of escrow.  A full legal description of the Property is included in the Appendix of Documents that the Trustee is filing and serving herewith, as Exhibit A.  Trustee seeks an order authorizing the sale of the Property free and clear of the judgment lien that was created on October 30, 2012–one day pre-petition, when Bank of the Sierra recorded the abstract of judgment a copy of which is included in the Appendix of Documents that the Trustee is filing and serving herewith, as Exhibit B.  The Trustee also seeks authority to pay brokers' commission(s) on the terms hereinafter stated.  In support of this motion, the Trustee alleges and cites:

1. This case was commenced by the filing of a voluntary petition for relief under Title 11 U.S.C. Chapter 7 on October 31, 2012. Trustee is the duly appointed, qualified and acting Chapter 7 Trustee herein.

2. Among the assets of the Debtor and her estate herein is an interest in the Property. The Debtor scheduled the Property with a value of $51,094.00. The Debtor's schedules reflect that the Property is free and clear of liens except for property taxes of $479.50. Except for the property taxes and the lien mentioned in paragraph 3, *infra*, the Trustee's independent research indicates that the property is in fact free and clear of liens and encumbrances. The Debtor claimed no exemption for the Property.

3. Although it was not scheduled as a secured debt, the Trustee is aware of an abstract of judgment recorded by Bank of the Sierra on October 30, 2012—one day pre-petition. A copy of the abstract is included in the Appendix of Documents that the Trustee is filing and serving herewith, as Exhibit B. The Trustee has discussed the abstract with Don Pool, Esq., Bank of the Sierra's attorney. Based on that conversation, the Trustee understands that Bank of the Sierra will release its abstract as to the Property to facilitate the sale. In any event, the Trustee disputes Bank of the Sierra's judgment lien because it is clearly avoidable as a preferential transfer under Section 547. On that basis, the Trustee contends that a sale of the Property free and clear of Bank of the Sierra's judgment is warranted.

4. Sales of property of a Chapter 7 bankruptcy estate are governed by Title 11 USC Section 704(a)(1), which requires a Chapter 7 Trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest," and Title 11 USC Section 363(b) which, subject to exceptions having no relevance to this motion, authorizes a Chapter 7 Trustee to sell property of the estate outside the ordinary course of business. "In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated various ways, represent essentially a business judgment test. Some earlier decisions describe the standard as one of 'good

faith' or of whether the transaction is 'fair and equitable' or whether the sale is 'in the best interest of the estate.' However, the more recent cases tend to focus on whether a sale is supported by a sound business reason and is based on a sound exercise of business judgment. The 'business judgment' test here differs from the general corporate law business judgment rule, which protects corporate directors from liability where they exercised due care and were not self-interested in the transaction. Here, by contrast, the bankruptcy court reviews the trustee's (or debtor in possession's) business judgment to determine independently whether the judgment is a reasonable one. The court should not substitute its judgment for the trustee's but should determine only whether the trustee's judgment was reasonable and whether a sound business justification exists supporting the sale and its terms." Collier on Bankruptcy P 363.02.

5. Sales free and clear of liens and interests are governed by Title 11 USC Section 363(f). Section 363(f)(4), authorizes a sale free and clear of liens or interests that are subject to bona fide dispute. There is ample evidence to support the conclusion that the judgment lien that was created on October 30, 2012–one day pre-petition, when Bank of the Sierra recorded its abstract of judgment, is subject to bona fide dispute. This evidence consists, without limitation, of the following:

A. The fact that the judgment lien was perfected within 90 days pre-petition; and,

B. The fact that the Debtor's scheduled liabilities exceed scheduled assets by more than $680,000.00.

6. As evidenced by the declaration of the Trustee in support of this motion, in connection with the proposed sale of the Property the Trustee has consulted with her attorney and real estate broker and has searched online data bases in an effort to educate herself regarding the value and disposition of the Property. Based on those consultations, that research and past experience, the Trustee has concluded that, subject to such better or higher offers as may be received at or before the hearing on this motion, the proposed sale is fair, reasonable and in the best interests of the estate and the creditors.

7. By an order dated February 13, 2013, the Trustee was authorized to employ Prudential California Realty, as her broker to list and sell the Property. The Trustee's agreement with her broker provides for payment of a commission equal to the greater of $2,500.00, or 10% of the sales price. If the Property is sold on an overbid to a buyer not procured by the Trustee's broker and not represented by another broker, a commission equal to 50% of the commission that would otherwise apply would be paid to the Trustee's broker.

8. The following table accurately reflects the Trustee's best estimate of how the sales proceeds will be distributed:

| | |
|---|---|
| Purchase Price | $15,000.00 |
| Estimated Brokers Commission(s) | $2,500.00 |
| Estimated Costs of Sale 2% | $300.00 |
| Property taxes | $479.50 |
| Net Proceeds | $11,720.50 |

9. **BIDDING PROCEDURES**. The sale proposed by this motion is subject to better and higher offers which must be made in accordance with the following procedures.

1. Any person intending to make an overbid must appear at the hearing on this motion.

2. Any overbids must be to purchase the same interest in the Property on the same terms (other than price) and conditions as set forth above. At or before the hearing prospective over-bidders must demonstrate to the satisfaction of the Trustee their ability to immediately tender, in certified funds, a non-refundable deposit of $1,000.00, if they are the successful bidder. The first overbid must be at least $15,500.00. Thereafter, further bids must be made in minimum increments of $500.00.

\\\\\\

\\\\

4

3. If persons wishing to overbid are present, an auction will be conducted by the Trustee outside the Courtroom at which the hearing will be held.

Dated: May 1, 2013

                         **/s/ David R. Jenkins**
                         David R. Jenkins, Attorneys for Trustee